In the Matter of BARRY D. LESSER (Admitted as BARRY DAVID LESSER), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, May 15, 1984

### APPEARANCES OF COUNSEL

*Sarah Diane McShea* of counsel (*Michael A. Gentile,* attorney), for petitioner.

*Irving Anolik* for respondent.

### OPINION OF THE COURT

*Per Curiam.*

The Departmental Disciplinary Committee brings this application to suspend respondent from the practice of law pursuant to 22 NYCRR 603.16 (c) (1) because of his mental disability, upon the ground that respondent is suffering from mental disability which makes it impossible for him adequately to defend himself or meaningfully to participate in his defense in the disciplinary proceeding pending before a hearing panel of the Disciplinary Committee.

The respondent was admitted to the Bar of the State of New York on December 14, 1966 in the Second Judicial Department under the name of Barry David Lesser.

By order dated and entered August 18, 1983, this court suspended respondent, from the practice of law, based on his sworn admissions that he had converted clients' funds, until a determination of the matters pending before the Disciplinary Committee and until further order of the court.

On December 7, 1983 a hearing panel of the Disciplinary Committee concluded, on the basis of psychiatric testimony, that the respondent was not fit to practice law by reason of mental disability. At the same time, the Disciplinary Committee moved to hold the respondent in contempt and to appoint an attorney to inventory his files for failure to comply with the original court order of suspension.

The Disciplinary Committee recommended that the respondent should be suspended for an indefinite period. Respondent's counsel concurs in the recommendation based on the mental incapacity of the respondent.

It is clear that the respondent should be indefinitely suspended from the practice of law based upon his mental incapacity and that an attorney should be appointed to inventory respondent's files and report to the court.

MURPHY, P. J., KUPFERMAN, SANDLER, ASCH and MILONAS, JJ., concur.

Respondent suspended from practice as an attorney and counselor at law in the State of New York indefinitely, effective May 15, 1984, and until the further order of this court, and an attorney appointed to inventory respondent's files, as indicated in the order of this court.